UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-117-FDW

| | | |
|---|---|---|
| NAPOLEON J. RANKIN BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU QUINTERO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on its own motion following receipt of Plaintiff's Prisoner Administrative Remedy Statement, filed with the Court on July 17, 2015. (Doc. No. 11).

### I. BACKGROUND

On May 29, 2015, pro se Plaintiff Napoleon J. Rankin Bey filed this action, pursuant to 42 U.S.C. § 1983, in the Eastern District of North Carolina, and that Court transferred the action to this district on June 22, 2015. (Doc. No. 8). Before the action was transferred, Plaintiff filed a "Corrected Complaint" on June 16, 2015. (Doc. No. 4). Plaintiff has named as Defendants five individuals who are identified as employees of Avery-Mitchell Correctional Institution, where Plaintiff is currently incarcerated as a prisoner of the State of North Carolina. Plaintiff alleges that Defendants were deliberately indifferent to Plaintiff's serious medical needs based on his allegations that they denied him the right to take his "mental health medicine" on various dates in May and June 2015. (Doc. No. 4 at 3-4). Plaintiff also makes vague references to "racial discrimination" by Defendants. (Id. at 4).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524). Furthermore,

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative

remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

In his administrative remedies statement filed with this Court, Plaintiff has left blank all of the boxes indicating whether he exhausted his administrative remedies. See (Doc. No. 11). In an attachment to the statement, Plaintiff has explained that he did not submit a grievance because it would have been futile to do so. See (Doc. No. 11-1 at 1) ("So if the Plaintiff write a grievance Raleigh not going to do anything. Supt. Mike Ball known [sic] what going on here at Avery-Mitchell Corr. Inst."). Thus, by Plaintiff's own statement, he did not exhaust his administrative remedies before bringing this action. Before dismissing Plaintiff's claim for failure to exhaust administrative remedies, out of an abundance of caution, the Court will grant Plaintiff the opportunity to show cause as to why this action should not be dismissed for failure to exhaust administrative remedies, or to show that he, in fact, exhausted his administrative remedies before filing this action.[1]

---

[1] The Court notes that it is well settled that there is no futility exception to the PLRA's exhaustion requirement. See Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 1985). Thus, Plaintiff's explanation that he failed to exhaust his administrative remedies because it would have been futile to do so will not excuse his failure to exhaust.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff shall have twenty days from service of this Order in which to submit to this Court (1) a statement explaining why this action should not be dismissed for failure to exhaust administrative remedies, or (2) documents showing that he, in fact, exhausted his administrative remedies before filing this action. Plaintiff's failure to submit a timely response will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Frank D. Whitney
Chief United States District Judge